[907 NYS2d 273]

In the Matter of STANLEY E. GELZINIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 24, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michele Filosa* of counsel), for petitioner.

*Stanley E. Gelzinis*, Lake Grove, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated March 26, 2009, containing five charges of professional misconduct. After a hearing on September 10, 2009, the respondent withdrew his verified answer and stipulated to admissions to charges one through five. The Special Referee found that the respondent had "violated a sacrosanct rule of the Courts regarding clients escrow money." The Grievance Committee now moves to confirm the Special Referee's findings and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent has submitted an affidavit in response in which he submits that the Court should publicly censure him or, in the alternative, suspend him from practice, as opposed to disbarring him.

Charge one alleges that the respondent failed to preserve escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an attorney escrow account at Bank of America in connection with his law practice, denominated "Stanley E. Gelzinis, Attorneys IOLA Fund." On or about May 10, 2005, he executed an escrow agreement wherein he agreed to maintain $10,000 in his escrow account on behalf of John F. Pereira. From that date until he released the $10,000 in September 2006, the respondent should have maintained and preserved that amount in the escrow account.

From May 10, 2005 through approximately December 5, 2005, the respondent's escrow account held at least $10,000. Thereafter, the balance fell below that amount on 11 occasions to a low of $270 on June 13, 2006.

In September 2006, the respondent deposited $10,000 into his escrow account, given to him by his wife in the form of two checks. With that sum, the respondent reimbursed Pereira the $10,000 he was entitled to receive.

Charge two alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing

to preserve funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge one.

Charge three alleges that the respondent misappropriated client funds entrusted to him by withdrawing those funds from the escrow account and using them for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), based on the factual specifications of charges one and two.

Between December 2005 and June 2006, the respondent drew many checks against the escrow account payable to himself or to cash, for his own personal use and benefit.

Charge four alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law by misappropriating client funds entrusted to him by withdrawing those funds from the escrow account and using same for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges one through three.

Charge five alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charges one through four.

A number of escrow checks issued by the respondent for his own personal use and benefit contained a false entry on the memo section with the name of a client. The respondent attempted to mislead by writing the word "retainer" on the memo section of the two checks given to him by his wife for the purpose of reimbursing Pereira the $10,000 he was entitled to receive.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all five charges, and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee informs the Court that the respondent's prior disciplinary history consists of an admonition dated June 30, 2008, for neglecting a client's divorce action; two letters of caution, both dated June 30, 2008, warning him to maintain adequate communication with his clients and

reminding him that an attorney may not permit the circumstances in his personal life to interfere with his responsibilities to his clients; and a letter of caution dated October 7, 2009, warning him to properly segregate and safeguard checkbooks to accounts related to his law practice so as to avoid issuing checks against the wrong account.

The respondent has no objection to confirmation of the Special Referee's report except to note that the report fails to include all of the mitigating factors that he provided. The respondent contends that the proper sanction for these matters is a public censure, or, in the alternative, a suspension of his license to practice law, in view of the mitigation he advanced and the fact that none of his clients was permanently deprived of funds.

In the instant case, Special Referee Posner noted that the respondent treated escrow money as his personal bank account. Although he claimed that none of his clients was hurt because he returned all of the money he misappropriated, he violated his fiduciary obligation as a member of the bar. Significantly, the respondent engaged in deceitful conduct by issuing checks containing a false memo entry to disguise the true source of funds.

Notwithstanding the mitigation offered, the respondent has exhibited a blatant disregard of his fiduciary responsibilities which warrants his disbarment.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley E. Gelzinis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stanley E. Gelzinis, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stanley E. Gelzinis, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stanley E. Gelzinis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).